UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDDIE MOISE,

                                Plaintiff,

        v.                                                          9:16-CV-1068
                                                                   (DNH/DJS)

L. MALAVE, Special Investigator, NYS DOCCS,
T. TYNON, Assistant Deputy Superintendent, Great
Meadow Correctional Facility, ANTHONY J.
ANNUCCI, Acting Commissioner for NYS DOCCS,
D. VENETTOZZI, Acting Director of Special Housing/
Inmate Disciplinary Program for NYS DOCCS, and
D. BOUCHER, Tier III Assistant for Great Meadow
Correctional Facility,

                                Defendants.

---

APPEARANCES:

EDDIE MOISE
11-A-2900
Plaintiff, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

     Pro se plaintiff Eddie Moise ("Moise" or "plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").

1

By Decision and Order filed on October 13, 2016 (Dkt. No. 4) ("October Order"), Moise's IFP application was granted and the sufficiency of his complaint was reviewed in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

On the basis of that review, Moise's complaint was dismissed for failure to state a claim upon which relief could be granted. Dkt. No. 4 at 22. However, in light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *See* Dkt. No. 4 at 22.

Currently pending is Moise's amended complaint. Dkt. No. 5 ("Am. Compl.").

## II. LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) was discussed at length in the October Order and it will not be restated in this Decision and Order. *See* Dkt. No. 4 at 2-4. As before, the allegations in Moise's amended complaint will be construed with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III. SUMMARY OF AMENDED COMPLAINT[1]

Moise's amended pleading reiterates the facts set forth in the original complaint related to incidents that occurred on September 11, 2014, the resulting misbehavior report, and a subsequent disciplinary hearing. *See* Am. Compl., *generally*.

Moise claims that L. Malave ("Malave"), acting in concert with Anthony J. Annucci

---

[1] Plaintiff annexed exhibits to the amended complaint. Dkt. No. 5-1. To the extent that the exhibits are relevant to the alleged incidents at issue, the amended complaint as well as any documents attached as exhibits will be considered. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (holding that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

2

("Annucci"), T. Tynon ("Tynon"), and D. Venettozzi ("Venettozzi") retaliated against him due to his "cooperation" with "an outside investigation of Fishkill staff" by the Poughkeepsie Journal. *See* Am. Compl. at 3. Plaintiff realleges his Fourteenth Amendment claims against Tynon, Venettozzi, and Annucci and his supervisory claims against Venettozzi and Annucci. *See id*. The amended complaint also contains a new cause of action for violations of plaintiff's Eighth Amendment rights. *See id.* The amended complaint does not include any cause of action against defendant D. Boucher ("Boucher"). The Clerk of the Court is directed to amend the docket accordingly.

## IV. ANALYSIS

### A. First Amendment - Retaliation

The law related to First Amendment retaliation claims was discussed in the October Order and will not be restated here. *See* Dkt. No. 4 at 9-10. In the October Order, Moise's retaliation claim against Malave was dismissed:

> While a false misbehavior report may give rise to a claim under § 1983 "when done in retaliation for the exercise of a constitutional right," *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015), here there is no such allegation. Moise does not allege that he engaged in protected conduct involving Malave. Indeed, the complaint lacks any facts suggesting that plaintiff engaged in any speech or conduct, prior to receiving the misbehavior report, that could be interpreted as "protected conduct."

Dkt. No. 4 at 10.

In the amended complaint, Moise attempts to cure the deficiencies in the original retaliation claim against Malave and further contends that Annucci, Tynon, and Venettozzi retaliated against him because he cooperated with the Poughkeepsie Journal's investigation

3

of Fishkill C.F. staff abuse against prisoners. *See* Am. Compl. at 3.

Construing the claims liberally, Moise alleges that his transfer from Fishkill C.F. to Great Meadow C.F., the investigation into his correspondence, the false misbehavior report, and the biased disciplinary hearing constitute adverse action. *See* Am. Compl. at 3.

Cooperation with an investigation may be considered protected conduct. *See Franco v. Kelly*, 854 F.2d 584, 586 (2d Cir. 1988) (finding that the plaintiff sufficiently alleged that false disciplinary charges were issued in retaliation for cooperation with an investigation into inmate abuse).

However, in this case, Moise's conclusory allegations fail to suggest a causal connection between the adverse actions and his cooperation—his amended complaint lacks facts related to when he cooperated with the alleged investigation, with whom he cooperated, the substance of the investigation, and, more importantly, how the defendants became aware of the investigation.

In sum, Moise has failed to plead facts associated with protected conduct as it relates to defendants or facts suggesting that defendants were aware that he engaged in any protected conduct. *See Faulk v. Fischer,* 545 F. App'x 56, 59 (2d Cir. 2013) (dismissing retaliation claim where the plaintiff failed to produce evidence suggesting that the defendants were "motivated by, or even aware of," his grievance); *see also Davidson v. Talbot*, No. 01-CV-473 (RFT), 2005 WL 928620, at *16 (N.D.N.Y. March 31, 2005) ("[the plaintiff] fails to alleges when [ ] grievances were filed. Thus, from the outset, "th[e] Court had no way of assessing the strength or validity of such claims."); *see Guillory v. Haywood*, No. 13-CV-1564 (MAD/TWD), 2015 WL 268933, at *23 (N.D.N.Y. Jan. 21, 2015) (dismissing retaliation claims

due to the plaintiff's failure to allege facts identifying the lawsuits or facts from which an awareness could be inferred). Accordingly, because he has not sufficiently alleged a causal connection between any protected activity and retaliatory conduct, plaintiff has not stated a plausible claim for retaliation and those claims are dismissed.

**B. <u>Eighth Amendment - Conditions of Confinement</u>**

Moise further claims that his Eighth Amendment rights were violated when he was deprived of outdoor exercise for 120 days. *See* Am. Compl. at 3.

The Second Circuit, in addressing the needs protected by the Eighth Amendment, has stated that sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir.1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979); *Lareau v. Manson*, 651 F.2d 96, 106 (2d Cir. 1981).

"To demonstrate that the conditions of his confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996) (citation omitted). To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result 'in unquestioned and serious deprivations of basic human needs.'" *Id*. (citation omitted).

With respect to the subjective element, a plaintiff must "demonstrate that the defendants imposed those conditions with 'deliberate indifference.'" *Jolly*, 76 F.3d at 480 (citation omitted). To constitute deliberate indifference, "[t]he prison official must know of,

5

and disregard, an excessive risk to inmate health or safety." *Walker*, 717 F.3d at 125.

"A prison official may be found to have had a sufficiently culpable state of mind if he participated directly in the alleged event, or learned of the inmate's complaint and failed to remedy it, or created or permitted a policy that harmed the inmate, or acted with gross negligence in managing subordinates." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (citations and internal quotations omitted).

Here, even assuming the allegations are sufficient to satisfy the objective prong of the Eighth Amendment analysis, the complaint lacks facts establishing which defendants were responsible or personally involved in the alleged unconstitutional conditions. Moise does not allege when he complained about his conditions of confinement, whether there was any response to his complaints, or even that he *did* complain to any defendant, officer, or staff member.

In sum, Moise has not pleaded any facts against the defendants related to his conditions of confinement and has therefore failed to sufficiently allege that any defendant acted with a deliberate state of mind. Consequently, the Eighth Amendment claims related to his conditions of confinement are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim. *See Toliver v. Dep't of Corrs.*, No. 10 Civ. 6298, 2012 WL 4510635, at *9 (S.D.N.Y. Apr. 10, 2012) (dismissing the deliberate indifference claim for failure to plead facts identifying a responsible official who acted with a sufficiently culpable state of mind).

## C. **Fourteenth Amendment Claims**

The law related to the Fourteenth Amendment and Due Process was discussed in the October Order and will not be restated here. *See* Dkt. No. 4 at 11-13, 13-14. In the October Order, the due process claims against Tynon were dismissed:

> Here, Moise claims that the false misbehavior report resulted in an SHU sentence at Great Meadow C.F. for 120 days. Because this period of disciplinary confinement falls between 101 and 305 days, in order to determine whether plaintiff suffered an atypical hardship, and therefore has been deprived of a liberty interest, the court must look to "the conditions of the imposed confinement relative to the ordinary prison conditions[.]" *Reynoso v. Selsky*, 292 F. App'x 120, 123 (2d Cir. 2008).
>
> As presently pleaded, however, the complaint is devoid of any facts establishing how the conditions of Moise's SHU confinement differed in any way from normal SHU conditions. *See Palmer*, 364 F.3d at 65. Because plaintiff has failed to plead any facts that plausibly suggest that his confinement in SHU imposed an atypical and significant hardship, plaintiff has failed to plead the existence of a valid liberty interest and this claim is subject to dismissal.

Dkt. No. 4 at 12-13.

In the amended complaint, Moise claims that during his 120-day keeplock confinement, he was deprived of outdoor exercise. *See* Am. Compl. at 3. However, the amended complaint is devoid of facts suggesting that plaintiff suffered from any other restrictions, that he was completely prevented from leaving his cell, or that he did not possess "other opportunities to leave the cell mitigat[ing] the effects of the restriction on outdoor exercise." *See Harris v. Barone*, No. 11-CV-0256, 2014 WL 359816, at *4 (W.D. Pa.

7

Feb. 3, 2014) (collecting cases) (holding that a lengthy restriction on outdoor exercise, without more, does not give rise to a protected liberty interest).

In sum, Moise has failed to plead facts suggesting that his keeplock confinement presented atypical and significant hardship and therefore plaintiff has failed to plead the existence of a valid liberty interest. *See, e.g., Cody v. Jones*, 895 F.Supp. 431, 441 (N.D.N.Y. 1995) (applying *Sandin* and concluding that no liberty interest was triggered through the failure of the prison to regularly accord plaintiff one hour of daily outdoor exercise for a period of several months).

Even assuming that Moise's keeplock confinement implicated a liberty interest, as presently pleaded, the amended complaint still fails to state a claim based upon the Fourteenth Amendment and due process.

In the October Order, Moise's due process claim based upon "numerous invalid extensions" were dismissed:

> Moise alleges that his hearing was delayed by extensions but does not allege how the extensions failed to comply with § 251-5.1 or how the delay was unreasonable or that the delay resulted in a constitutional violation. As discussed *supra*, plaintiff does not identify the witnesses he sought to call, the substance of any proposed testimony, or even how the testimony would have benefitted plaintiff.
>
> Further, the complaint lacks any facts suggesting how Moise was prejudiced by any alleged procedural errors or that the errors affected the outcome of the hearing.

Dkt. No. 4 at 16 (citations omitted).

8

Moise's due process claims remain deficiently pleaded because the amended complaint still fails to allege facts related to proposed witnesses or testimony or any allegations related to prejudice. For the reasons set forth in this decision as well as in the October Order, the Fourteenth Amendment due process claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

### D. Supervisory Claims

In the October Order, Moise's supervisory claims against Annucci and Venettozzi were also dismissed:

> Moise has failed to allege any facts to suggest that Annucci or Venettozzi were personally involved in his appeal. As presently pleaded, the complaint does not contain adequate facts to suggest that Annucci or Venettozzi did anything more than "rubber stamp" Tynon's adverse determination.
>
> Moreover, absent an underlying constitutional violation, there can be no supervisory liability.

Dkt. No. 4 at 19-20 (citations omitted).

The October Order further found that "allegations of unconstitutional conduct related to one disciplinary hearing, without more, are insufficient to demonstrate the existence of a policy or custom to establish personal involvement under § 1983." Dkt. No. 4 at 21.

Despite the fact that Moise was afforded the opportunity to amend his complaint, the amended complaint does not cure the deficiencies in the original pleading. For the reasons set forth in the October Order, plaintiff's supervisory claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

9

## V. **LEAVE TO AMEND TO CURE DEFICIENCIES**

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").

Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, Moise has already been provided an opportunity to amend his complaint. The deficiencies with his original complaint identified in the October Order have not been cured with this amended complaint. Accordingly, any further amendment would be futile.

## VI. **CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff's claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;

2. The Clerk of the Court is directed to close this case; and

3. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 7, 2016
         Utica, New York.